UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MYERS, et al., | Case No. 2:25-cv-1639-DC-CSK |
| Plaintiffs, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| JERRY LARSON, et al., | (ECF Nos. 1, 2, 5, 6, 14, 19, 25) |
| Defendants. | |

Plaintiffs Roger Myers and LaRonda Myers are proceeding in this action pro se.[1] Plaintiffs initiated this action by filing the Complaint and paying the filing fee on June 13, 2025. *See* Docket. Pending before the Court are the following motions: (1) Plaintiffs' Request to Seal Documents (ECF No. 2); (2) Plaintiffs' First Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction (ECF No. 5); (3) Plaintiffs' Second Ex Parte Application for Temporary Restraining Order (ECF No. 6); (4) Plaintiffs' Emergency Supplemental Request for Protective Order (ECF No. 14); (5) Defendants Jerry Larson, Kathleen Lyon, and Aronowitz Skidmore Lyon's Motion for Sanctions (ECF No. 19); and (6) Plaintiffs' Third Ex Parte Application for Temporary Restraining Order (ECF No. 25). Pursuant to Eastern District of California Local Rules

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

230(g) and 231(c), the motions are submitted upon the record and the briefs.[2] For the reasons that follow, the Court recommends SUMMARILY DISMISSING this action sua sponte for lack of jurisdiction. The Court also recommends DENYING Plaintiffs' First Ex Parte Application for Temporary Restraining Order ("TRO"), DENYING Plaintiffs' Second Ex Parte Application for TRO, DENYING Plaintiffs' Emergency Supplemental Request for Protective Order, and DENYING Plaintiffs' Third Ex Parte Application for TRO. Finally, the Court DENIES Defendants' Motion for Sanctions and Plaintiffs' request to seal documents.

**I.     BACKGROUND**

Plaintiffs bring this action against the following 17 defendants: (1) Jerry Larson; (2) Kathleen Lyon; (3) Aronowitz Skidmore Lyon; (4) Eugene Burger Management Corp.; (5) Diamond Ridge Estates HOA; (6) Scott L. Fielder; (7) Fielder, Fielder & Fielder, Attorneys at Law; (8) Jason Sommer; (9) Hansen Kohls Sommer & Jacob LLP; (10) Placer County Superior Court; (11) Placer County District Attorney's Office; (12) California Commission on Judicial Performance; (13) Commissioner Christine Dehr; (14) Commissioner Glenn Holley; (15) Judge Trisha Hirashima; (16) Judge Michael Jones; and (17) Judge Angus I. Saint-Evens. Compl. at 1, 4-5 (ECF No. 1). Plaintiffs assert seven causes of action for violations of 42 U.S.C. § 1983 (First Cause of Action); 42 U.S.C. § 1985 (Second Cause of Action); Elder Financial Abuse pursuant to Cal. Welf. & Inst. Code § 15610.30 (Third Cause of Action); "Fraud Upon the Court" (Fourth Cause of Action); Unjust Enrichment (Fifth Cause of Action); Intentional Infliction of Emotional Distress (Sixth Cause of Action); and "Abuse of Process and Civil harassment Pattern" (Seventh Cause of Action). Compl. at 12-18.

The Complaint alleges between 2012-2025 there has been a "coordinated campaign of harassment, legal retaliation, judicial bias, and fraud" against Plaintiffs for misconduct "stemming from their residence in the Diamond Ridge Estates HOA

---

[2]   The district court's Local Rules are accessible on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

community." *Id*. at 7-8. Plaintiffs allege in 2013 they obtained a restraining order in state court against Defendant Larson for his alleged harassment and intimidation of Plaintiffs. Compl. at 8. Plaintiffs allege they sought to renew their restraining order against Defendant Larson, however, "[c]ourts refused to renew the order, even with [Defendant Larson's] escalating misconduct." *Id*. Plaintiffs allege the state and appellate courts relied on forged stipulations and "refused to maintain records needed for forensic review" of the forged stipulations resulting in judicial misconduct. *Id*. at 9-11. Plaintiffs further allege state court attorneys engaged in "strategic misrepresentation, improper filings, withholding of court documents, [sic] misuse of mental health records," and "abusive discovery tactics" that resulted in attorney misconduct in the state court proceedings. *Id*. at 10-11. Plaintiffs allege they did not discover "the full extent of procedural fraud, attorney misconduct, and forgery" until June 18, 2024. *Id*. at 11-12. For relief, Plaintiffs seek declaratory and injunctive relief, damages, restitution and other forms of relief. *Id*. at 21-23.

Plaintiffs filed their first TRO request on June 20, 2025, seeking to enjoin Defendants from "continuing retaliatory and obstructive litigation practices" in the ongoing state court action, *Myers v. Larson*, Placer County Superior Court case no. S-CV-0046565. Pls. TRO No. 1 (ECF No. 5). Plaintiffs seek emergency relief to "prevent retaliatory and unlawful enforcement of sanctions" or contempt proceedings in the *Myers v. Larson* state court action. *Id*. at 5-6. On the same day, Plaintiffs filed a second TRO request, seeking to enjoin Defendants from "ongoing retaliation, sanctions, and procedural abuse" in a second ongoing state court action, *Myers v. Scott L. Fielder, et al.*, Placer County Superior Court case no. S-CV-0052078. Pls. TRO No. 2 (ECF No. 6). Plaintiffs allege they are being "threatened with procedural dismissal and judicial inaction" in the *Myers v. Scott L. Fielder, et al.* state court action based on misrepresentations from state court counsel and the state court judge's denial of Plaintiffs' prior TRO requests. Pls. TRO No. 2 at 4-6. On June 23, 2025, the district judge referred Plaintiffs' first and second TRO requests to the undersigned pursuant to

3

28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a). 6/23/2025 Order (ECF No. 7). On June 23, 2025, Defendants Larson, Lyon, and Aronowitz Skidmore Lyon filed an opposition to Plaintiffs' first and second TRO requests. Defs. Opp'n (ECF No. 10).

On June 3, 2025, Plaintiffs filed an "Emergency Supplemental Request for Protective Order [and] Venue Transfer" alleging "escalating retaliation and legal harassment from Placer County judicial officers and opposing counsel" in the ongoing state court actions. Pls. Emergency Suppl. Req. at 3 (ECF No. 14). On July 29, 2025, Defendants Larson, Lyon, and Aronowitz Skidmore Lyon filed a motion pursuant to Federal Rule of Civil Procedure 11 requesting monetary sanctions and dismissal of the Complaint based on Plaintiffs' frivolous filings. Defs Mot. (ECF No. 19). On August 18, 2025, Plaintiffs filed their third TRO request seeking to enjoin Defendants "from taking further action in ongoing state court proceedings involving Plaintiffs" in Placer County Superior Court. Pls. TRO No. 3 (ECF No. 25). Plaintiffs seek immediate federal intervention as to ongoing state court contempt proceedings. *Id.* at 2-4.

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565

U.S. 134, 141 (2012); see also *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action.") (citing to Fed. R. Civ. P. 12(h)(3)). If a federal court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

### A. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine prohibits federal district courts from exercising jurisdiction over "a de facto appeal of a state court decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013); see *Dist. Ct. of App. v. Feldman*, 460 U.S. 462, 482-86 (1986); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). "[T]he *Rooker-Feldman* doctrine bars suits 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine is based on the idea that district courts may not exercise appellate jurisdiction. *See Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998). "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Bell*, 709 F.3d at 897 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). If the federal action constitutes a de facto appeal, district courts are barred from deciding not only the issues decided by the state court, but also any other issues that are "inextricably intertwined" with an issue resolved by the state court's decision. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1158).

Both elements of a de facto appeal are present in Plaintiffs' Complaint. First, Plaintiffs' allegations center on a civil harassment action in Placer County Superior Court and the subsequent denials from state and appellate courts that Plaintiffs allege were

erroneously decided. *See generally* Compl. Second, although Plaintiffs do not expressly request that this state court judgment be set aside, the Complaint requests this Court to "[h]alt[] enforcement of forged stipulations, sanctions, and fee awards," and "[c]ancel[] any liens derived from retaliatory or fraudulent state rulings." Compl. at 21; *see also Bell*, 709 F.3d at 897. Therefore, Plaintiffs' claims are a "forbidden de facto appeal of a state court judgment." *Noel*, 341 F.3d at 1165. Further, to the extent Plaintiffs seek damages to compensate for the violations that took place in their state court proceedings, such claims are "'inextricably intertwined' with an issue resolved by the state court judicial decision from which the forbidden de facto appeal is taken." *Cooper v. Ramos*, 704 F.3d 772, 781 (9th Cir. 2012) (citing *Noel*, 341 F.3d at 1165); *see also Cooper*, 704 F.3d at 781 (holding that plaintiff's prayer for monetary and punitive damages, although distinct from his prayer for declaratory judgment, was still contingent on finding state court error). Finally, to the extent Plaintiffs assert an exception to the *Rooker-Feldman* doctrine based on extrinsic fraud, Plaintiffs have failed to sufficiently allege any of Defendants' actions prevent Plaintiffs from presenting their claims in state court. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004). On the contrary, Plaintiffs' allegations regarding alleged fraud are intrinsic to the state court proceedings and judgment at issue. *Cf. Bell*, 709 F.3d at 897 (finding extrinsic fraud exception applied where plaintiff "did not allege the state court committed legal error, nor did they seek relief from the state court judgment itself."). Therefore, Plaintiffs' action is barred by the *Rooker-Feldman* doctrine and this action should be dismissed.

      **B.**    *Younger* **Abstention**

Under *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), federal courts must abstain from interfering in most ongoing state court cases. *Younger* abstention is limited to "three exceptional categories" of cases: "(1) 'parallel, pending state criminal proceedings,' (2) 'state civil proceedings that are akin to criminal prosecutions,' and (3) state civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th

Cir. 2014) (quoting *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013)). The Ninth Circuit has "articulated a four-part test to determine when *Younger* requires that federal courts abstain from adjudicating cases that would enjoin or risk interfering with pending state-court proceedings." *Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023). "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in original) (internal quotation marks and citation omitted). All four factors must be met to find abstention appropriate. *Duke*, 64 F.4th at 1094. But even if all four *Younger* factors are satisfied, federal courts will not invoke the abstention doctrine if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

      Although the Complaint is not entirely clear whether Plaintiffs' allegations relate to an *ongoing* state court action in the Placer County Superior Court, Plaintiffs' TRO requests make it clear Plaintiffs are seeking to enjoin two ongoing state court cases in *Myers v. Larson*, Placer County Superior Court case no. S-CV-0046565, and *Myers v. Scott L. Fielder, et al*, Placer County Superior Court case no. S-CV-0052078. *See* Pls. TRO No. 1; Pls. TRO No. 2. Therefore, the doctrine of *Younger* abstention prevents this Court's interference. First, Plaintiffs seek to undermine a state court's action by interfering with the adjudication of ongoing state court proceedings, which clearly implicates the State's interest in enforcing the orders of its courts. Second, there is no indication that the state court could not address Plaintiffs' concerns, as it appears to have done on multiple instances despite Plaintiffs' disapproval of the outcomes. Lastly, Plaintiffs' requested relief would enjoin, or effectively enjoin, the ongoing state court proceedings. Accordingly, to the extent any state court proceedings are ongoing or not

final, *Younger* abstention applies. Because the *Younger* abstention doctrine applies, the Court recommends that this action be dismissed.

**C.  Immunity**

    1.  <u>Judicial Immunity</u>

Plaintiffs name Commissioner Dehr, Commissioner Holley, Judge Hirashima, Judge Jones, and Judge Saint-Evens in their Complaint as defendants. Under the doctrine of judicial immunity, judges have absolute immunity for their acts related to the judicial process. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985). A Court Commissioner is also entitled to judicial immunity. *Razavi v. Traffic Court of Santa Clara Cnty.*, 2019 WL 1676018, at *4 (N.D. Cal. Apr. 17, 2019) (citing *Regan v. Price*, 131 Cal. App. 4th 1491, 1495 (2005) and *Tagliavia v. Cty. of Los Angeles*, 112 Cal. App. 3d 759, 761, 763 (1980)). Judicial immunity is an immunity from suit and from an assessment of damages, and applies even when a judge is accused of acting maliciously or corruptly. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547, 554-54 (1967). Judicial immunity can be overcome when a judge acts outside of his or her judicial capacity and where judicial actions were taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. There are no allegations in the Complaint showing either of these circumstances apply to overcome judicial immunity. Plaintiffs' allegations, as they relate to these defendants, concern rulings from judicial officers acting within their court's jurisdiction. Accordingly, Defendants Commissioner Dehr, Commissioner Holley, Judge Hirashima, Judge Jones, and Judge Saint-Evens are absolutely immune. Therefore, for this additional reason, the Court lacks subject matter jurisdiction over any claims against Defendants Commissioner Dehr, Commissioner Holley, Judge Hirashima, Judge Jones, and Judge Saint-Evens based on absolute immunity. *See United Investors Life Ins. Co. v. Waddell & Reed Inc*, 360 F.3d 960, 967 (9th Cir. 2004) (Because immunity from suit is a limitation on this court's jurisdiction, it is proper for the court to consider the issue *sua sponte*).

/ / /

### 2. Eleventh Amendment Immunity

Defendants Placer County Superior Court and California Commission on Judicial Performance are also immune from suit pursuant to the Eleventh Amendment. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (quotation marks and citation omitted). Accordingly, Defendants Placer County Superior Court and California Commission on Judicial Performance are immune from suit, and should be dismissed. *See United Investors Life Ins. Co.*, 360 F.3d at 967.

### 3. Prosecutorial Immunity

The Complaint also names Defendant Placer County District Attorney's Office generally. "Attorneys who prosecute cases on behalf of the Government are absolutely immune from claims based on their participation in the judicial process." *Joelson v. United States*, 2020 WL 6449196, at *3 (S.D. Cal. Nov. 3, 2020) (citations omitted); *see Imbler v. Pachtman*, 424 U.S. 409, 422-23, 429-30 (1976). The Complaint specifically alleges that the "District Attorney refused to prosecute identity theft, forgery, or harassment, despite police reports and evidence." Compl. at 10. Plaintiffs appear to challenge conduct relating to the district attorney's prosecutorial role in the judicial process, for which the district attorney has absolute immunity. Accordingly, Defendant Placer County District Attorney's Office is immune from suit, and should be dismissed. *See United Investors Life Ins. Co.*, 360 F.3d at 967.

## IV. PENDING MOTIONS

Because this Court is recommending this action be dismissed for lack of subject matter jurisdiction, it would be "improper" for the Court to consider the merits of Plaintiff's TRO requests. *See Benoit v. PNC Bank*, 2019 WL 2567140, at *2 (E.D. Cal. June 21, 2019) (dismissing the plaintiff's TRO as moot due to the court's *sua sponte* dismissal of the action for lack of subject matter jurisdiction); *see also Zielke v. Rosenstiel*, 2019 WL 626139, at *2 (C.D. Cal. Feb. 14, 2019) (dismissing the plaintiff's TRO as moot due to

the court's dismissal of the action for lack of subject matter jurisdiction). The Court therefore recommends denying Plaintiff's TRO requests (ECF Nos. 5, 6, 25) as moot. The Court further recommends denying Plaintiffs' emergency supplemental motion for protective order (ECF No. 14) as moot.

In addition, because the Court recommends dismissal of this action for lack of jurisdiction, the Court denies without prejudice Defendants' motion for sanctions (ECF No. 19) and Plaintiffs' request to seal (ECF No. 2). If this action is not dismissed, the parties may renew their requests.

**V.   CONCLUSION**

Based on the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' Request to Seal Documents (ECF No. 2) is DENIED without prejudice;
2. Defendants' Motion for Sanctions (ECF No. 19) is DENIED without prejudice; and
3. The September 23, 2025 hearing on Defendants' Motion for Sanctions is VACATED;

Further, based upon the findings above, IT IS HEREBY RECOMMENDED that:

1. This case be DISMISSED for lack of jurisdiction;
2. Plaintiffs' First Ex Parte Application for TRO (ECF No. 5) be DENIED as MOOT;
3. Plaintiffs' Second Ex Parte Application for TRO (ECF No. 6) be DENIED as MOOT;
4. Plaintiffs' Emergency Supplemental Request for Protective Order (ECF No. 14) be DENIED as MOOT;
5. Plaintiffs' Third Ex Parte Application for TRO (ECF No. 25) be DENIED as MOOT; and
6. The Clerk of the Court be directed to CLOSE this case.

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 20, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, myer1639.25